UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| CHANEALE FELTMANN,<br><br>        Plaintiff,<br><br>v.<br><br>PETCO ANIMAL SUPPLIES, INC., a Delaware corporation,<br><br>        Defendant. | Case No. 2:11-cv-414-EJL-MHW<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint in Part (Dkt. 7). On November 29, 2011, this case was referred to the undersigned for all matters. Having reviewed the Defendant's Motion and Memorandum in support thereof (Dkt. 7), the Plaintiff's Response (Dkt. 9), and Defendant's Reply (Dkt. 11), and having heard oral argument in the matter on March 6, 2012, the Court hereby makes the following recommendations.

**Report and Recommendation – 1**

## BACKGROUND

Plaintiff Chaneale Feltmann is suing her former employer, Petco Animal Supplies, Inc. ("Petco") alleging sex discrimination in violation of Title VII of the Civil Rights Act and the Idaho Human Rights Act, I.C. § 67-5901 *et. seq.* In addition to these claims, she has also brought various claims arising under Idaho law--namely, a claim for wrongful termination in violation of public policy, and claims for intentional and negligent infliction of emotional distress, (hereafter referred to as "IIED" and "NIED," respectively), as well as a claim for wage and hour law violations. In this motion, Defendant seeks dismissal of all claims, except those arising under Title VII and the Idaho Human Rights Act.

## LEGAL STANDARDS

Defendant brings this Motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In addressing this motion, the Court considers F.R.C.P. 8(a)(2), which requires a 'short and plain statement of the claim showing that the pleader is entitled to relief,' as well as recent decisions of the United States Supreme Court in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) and *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). A complaint attacked by a Rule 12(b)(6) motion to dismiss must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly,* 550 U.S. at 545, 127 S.Ct. at 1957. The complaint must contain sufficient factual matter, which, if accepted as true, would "state a claim to relief that is plausible on its face." *Id.* at 570.

**Report and Recommendation – 2**

"[D]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 665, 129 S.Ct. At 1950.

In cases decided after *Iqbal* and *Twombly,* the Ninth Circuit has continued to adhere to the rule that a dismissal of a complaint without leave to amend is inappropriate unless it is beyond doubt that the complaint could not be saved by an amendment. *See Harris v. Amgen, Inc.,* 573 F.3d 728, 737 (9th Cir. 2009) (issued two months after *Iqbal*).[1]

Finally, in deciding motions to dismiss under Rule 12(b)(6), the Court considers only the pleadings themselves, documents attached to the complaint, documents incorporated into the complaint by reference, and matters that are the proper subject of judicial notice. *See, e.g., Doe v. Presiding Bishop of Church of Jesus Christ of Latter-Day Saints,* ___F.Supp.2d____, 2011 WL 3439163 at *9 (D. Idaho 2011). However, if the parties submit material outside the pleadings, the Court has "complete discretion to determine whether to accept the submission of [such material], and to rely on it, thereby converting the motion to a motion for summary judgment under Rule 56." *Brown v. City of Caldwell,* 769 F.Supp.2d 1256, 1262 (D. Idaho 2011).

## DISCUSSION

Defendant argues that Plaintiff's claims for state common law torts and for wage

---

[1] There is some question whether such a policy is still valid given *Iqbal* and *Twombly's* rejection of the liberal pleading standards adopted in *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99 (1957). Despite this uncertainty, however, this Court adheres to the standards articulated by the Ninth Circuit in *Harris* and other cases issued after *Twombly* and *Iqbal. See, e.g. Krainski v. Nevada ex rel. Bd. of Regents,* 616 F.3d 963, 972 (9th Cir. 2010).

**Report and Recommendation – 3**

and hour violations should be dismissed on several different grounds. First, Defendant argues that Idaho's statute of limitations for tort claims, I.C. § 5-219(4), bars all claims except those claims alleging sex discrimination under Title VII and the Idaho Human Rights Act. Second, Defendant argues that the claims for negligent infliction of emotional distress and for wrongful discharge in violation of public policy are not claims that are cognizable claims under Idaho law where they arise in the employment context. Defendant also argues that the claims have not been adequately pled under the more stringent standards of *Iqbal* and *Twombly*. The Court will address the statute of limitations issue first, since it would obviously be dispositive of these claims. The Court will also discuss the remaining two issues, in the event the District Court should disagree with the statute of limitations analysis.

## I. The Motion is Properly Treated as a Rule 12(b)(6) Motion to Dismiss.

As an initial matter, the Court finds that the motion should be treated as framed–as a motion to dismiss under Rule 12(b)(6). Though the Plaintiff has submitted an affidavit in connection with her opposition to the 12(b)(6) motion (Dkt. 9, Attachment 1), the Court finds that the affidavit will not aid in its decision on this matter. The Court, in an exercise of its discretion, therefore declines to accept that affidavit. Moreover, the nature of the issues here are such as can be resolved on a motion to dismiss. *See, e.g. Conservation Force v. Salazar,* 646 F.3d 1240, 1242 (9th Cir. 2011) (holding that a dismissal for failure to state a claim is proper if there is a "lack of a cognizable legal theory"); *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (holding that

**Report and Recommendation – 4**

dismissal of a claim on statute of limitations grounds on is proper on a 12(b)(6) motion if the running of the statute is apparent on the face of the complaint).

## II. Plaintiff's Claims for Wrongful Termination in Violation of Public Policy, NIED and IIED are Time-Barred.

The parties appear to agree that April 22, 2009, was Plaintiff's last day of employment, and Plaintiff has not suggested that there is any other date that should be used for purposes of calculating when the statute of limitation began to run.² The parties are also in agreement that the statute of limitations that applies is the two-year statute of limitations governing tort claims contained in I.C. § 5-219(4). The only disagreement with respect to this issue centers on tolling, and specifically, on whether Plaintiff's common law tort claims were tolled along with her statutorily-based claims for sex discrimination.

The application of tolling doctrines to causes of action that arise under state law is a matter of state rather than federal law. *See, e.g., Lee v. American Nat'l. Ins. Co.,* 260 F.3d 997, 1006-1007 (9th Cir. 2001). Although Idaho courts have not addressed this issue in precisely the terms that it is framed in this case, this Court has no trouble concluding that Idaho would follow the overwhelming weight of authority from other jurisdictions holding that ancillary tort claims are *not* tolled while a plaintiff pursues her claims for discrimination before an administrative agency. This is true even if the ancillary claims

---

²Despite Plaintiff's having resorted to the somewhat vague statement in her complaint that her date of termination was "on or about" April 22, 2009, she has not asserted in her opposition papers that some other date should be used. Therefore, the Court takes April 22, 2009 as the relevant date.

**Report and Recommendation – 5**

arise from the same facts as the tolled claims.[3]

Idaho Code § 5-234 provides that "[w]hen the commencement of an action is stayed by injunction or statutory prohibition, the time of the continuance of the injunction or prohibition is not part of the time limited for the commencement of the action." In arguing that all her claims, rather than just her claims for discrimination, were tolled, Plaintiff relies on this statute, as well as on certain portions of the Idaho Human Rights Act. Specifically, Idaho Code section 67-5907 provides that:

> Any person who believes he or she has been subject to unlawful discrimination, or a member of the commission, may file a complaint under oath with the commission stating the facts concerning the alleged discrimination within one (1) year of the alleged unlawful discrimination.

Idaho Code section 67-5908(2) provides that "a complaint must be filed with the commission as a condition precedent to litigation."

The Court does not read these provisions, or the Idaho Human Rights Act in general, as authorizing the tolling of claims other than those which the Idaho Human Rights

---

[3] *See, Johnson v. Railway Express Agency, Inc.,* 421 U.S. 454, 95 S.Ct. 1716 (1975) (holding that filing a charge with the EEOC did not toll the statute of limitations with respect to a claim arising under section 1983); *Arnold v. United States,* 816 F.2d 1306, 1313 (9th Cir. 1987) (holding that the filing of a Title VII charge with the EEOC does not toll the limitations period for state law claims such as assault, false imprisonment, battery, and intentional infliction of emotional distress). *See also, McNeal v. Montgomery County,* 307 F.App'x 766, 772 (4th Cir. 2009); *Knickman v. Prince George's County,* 187 F.Supp.2d 559, 564 (D. Md. 2002); *Morley v. North Carolina Dept. Of Health & Human Svcs.,* 171 F.Supp.2d 585 (W.D.N.C. 2001); *Desmarteau v. City of Wichita,* 64 F.Supp.2d 1067 (D. Kan. 1999); *Crittendon v. American Nat'l. Ins. Co.,* 967 F.Supp 933 (S.D. Tex 1997); *Linville v. State of Hawaii,* 874 F.Supp 1095 (D. Hawaii 1994).

**Report and Recommendation – 6**

Commission was specifically authorized to address–i.e. claims for unlawful discrimination arising under the Act. *See,* I.C. § 67-5906 (establishing the powers and duties of the commission), and I.C. § 67-5901(2) (establishing that the purpose of the act is to secure for all individuals with in the state of Idaho freedom from discrimination "because of race, color, religion, sex, or national origin or disability"). Accordingly, Plaintiff's argument that I.C. § 5-234 and I.C. § 67-5907 tolled her ancillary tort claims fails.

The relief from the statute of limitations that Plaintiff requests here is not statutory in nature, but is a species of equitable tolling. Idaho courts have held on more than one occasion that "statutes of limitation in Idaho are not tolled by judicial construction *but rather by the expressed language of the statute.*" *See, e.g. Wilhelm v. Frampton*, 144 Idaho 147, 149, 158 P.3d 310, 312 (2007) (emphasis added); *see also, McCuskey v. Canyon County Com'rs.,* 128 Idaho 213, 218, 912 P.2d 100, 105 (1996). And while no Idaho case addresses the tolling of ancillary tort claims while a plaintiff pursues administrative remedies for discrimination, Idaho courts have frequently addressed, and rejected, analogous arguments. In *Wilhelm,* for example, the Idaho Supreme Court held that the statute of limitations on an action against an attorney to recover an allegedly excessive fee was *not* tolled by non-binding fee arbitration proceedings before the state bar. Similarly, in *Gibson v. Ada County,* 142 Idaho 746, 133 P.3d 1211 (2006), the court held that the defendant's alleged continuing violations of the Fair Labor Standards Act did *not* toll the statute of limitations on Plaintiff's section 1983 claims against her former employer. And

in *In re McCann's Estate,* 94 Idaho 386, 488 P.2d 357 (1971), the Idaho Supreme Court held that the state tax commission's filing of an order to show cause why an executor of an estate should not be required to post a bond for inheritance tax due did *not* toll the five-year statute of limitations on actions brought to collect such a tax. A very old case, *Lemhi County v. Boise Live Stock Loan Co.,* 47 Idaho 712, 278 P. 214, 217 (Idaho 1929), suggests that equitable tolling may apply in certain situations, but even there, the court stated that "in order that the pendency of other proceedings shall have the effect to toll the statutes of limitations upon a cause of action, *the proceedings must be such as to prevent the enforcement of the remedy by action.*" *Id.,* 278 P.2d at 217 (emphasis added). Here, Plaintiff was not prevented from pursuing her claims for emotional distress or for wrongful termination in violation of public policy. There were at least two practical options available to her if she wished to preserve those claims. First, she could easily have filed suit in state court and asked that the case be stayed until the administrative agencies had resolved her discrimination claims, or she could have obtained a tolling agreement from opposing counsel, if they were amenable. The Court concludes that Idaho courts would not allow for tolling of the ancillary tort claims in situations where a plaintiff is first required to pursue administrative remedies before the Idaho Human Rights Commission. Plaintiff's claims are therefore subject to dismissal on this basis.

**III.    Whether Plaintiff's Claims Are Adequately Pled and Legally Cognizable.**

The Court will next discuss the other grounds for dismissal advanced by the

**Report and Recommendation – 8**

Defendant in the event the District Court disagrees with the statute of limitations analysis. Defendant argues that the wrongful discharge claim, as well as the claims for NIED and IIED, have not been pled in sufficient detail under the more stringent standards articulated in *Iqbal* and *Twombly*. While this may be true for some of the claims, the Court notes that the deadline for amending the pleadings has not yet passed. (See Dkt. 12). Under these circumstances, since some of the inadequacies in the complaint could potentially be cured by an amendment, the Court finds it more appropriate to focus on whether the claim is legally cognizable rather than whether it satisfies the standards articulated in *Iqbal* and *Twombly*.

### A. Intentional and Negligent Infliction of Emotional Distress

In Idaho, the elements of a claim for intentional infliction of emotional distress are as follows: "1) the conduct must be intentional or reckless; (2) the conduct must be extreme and outrageous; (3) there must be a causal connection between the wrongful conduct and the emotional distress; and (4) the emotional distress must be severe." *See, e.g. Mortensen v. Stewart Title Guar. Co.,* 149 Idaho 437, 446, 235 P.3d 387, 396 (2010). The elements of a claim for negligent infliction of emotional distress are the same as for any common law negligence tort: "a duty recognized by law requiring the defendant to conform to a certain standard of conduct, a breach of that duty; a causal connection between the conduct and the plaintiff's injury, loss or damage. In addition, the Plaintiff must demonstrate some physical manifestation of the emotional distress. *See, e.g. Johnson v. McPhee,* 147 Idaho

**Report and Recommendation – 9**

455, 466, 210 P.3d 56, 574 (Ct. App. 2009).

The Court finds that the claim for intentional infliction of emotional distress was adequately pled. Though done in a summary fashion, and though combined with the negligent infliction claim, all the elements of an intentional infliction claim are mentioned. In addition, the complaint sets forth detailed allegations about Petco's conduct, which Ms. Feltmann "realleges and incorporates" in that portion of her complaint dealing with emotional distress (Complaint at ¶¶ 6.1 through 6.3). As far as the Court can discern, Defendant's concerns with the pleadings with respect to the intentional infliction claim appear to be that Plaintiff has not set forth which specific aspects of Defendant's conduct she believes to have been sufficiently "outrageous" to support a claim for emotional distress. However, the Court does not believe that either *Iqbal* or *Twombly* require such a level of specificity at this stage. Without deciding whether any particular act was sufficiently outrageous to give rise to a claim for emotional distress under Idaho law (an issue that would be better addressed in the context of a motion for summary judgment), the Court finds that the pleadings with respect to this claim are sufficient to withstand a 12(b)(6) motion to dismiss. Again, the Court notes that even if it were to conclude that the complaint were deficient with respect to the IIED claim, this is the sort of problem that could potentially be cured by an amendment. Further, given that the statute of limitations provides a means of resolving the issues in this motion, the Court finds that dismissing the IIED claim on the basis that it was inadequately pled would serve no purpose.

The claim for negligent infliction of emotional distress, however, is a different matter. Plaintiff's complaint does not allege that she suffered any physical manifestations of her emotional distress, a required element for a negligent infliction claim. Although Plaintiff has made some attempt to explain what she believes to be the physical manifestation of her distress in her affidavit, even if the Court were to allow her the opportunity to amend, there would still remain the question of whether a separate tort for negligent infliction of emotional distress can arise in the employment context. One of the elements of a negligence-based tort, is, of course, that the defendant owe a duty to the plaintiff. Plaintiff has not identified what duty she believes Defendant owes her, separate and apart from its statutorily-based duties not to engage in sex discrimination.

As far as this Court is aware, Idaho courts have never recognized a common law duty to keep the workplace free of emotional stress. In *Thomas v. Medical Center Physicians, P.A.* 138 Idaho 200, 61 P.3d 557 (2002), the Idaho Supreme Court allowed an NIED claim to proceed against an employer, although in that case, the plaintiff was not an at-will employee, and the argument that NIED claims are precluded in employment cases did not appear to have been addressed. In the more recent case of *Sorensen v. Saint Alphonsus Regional Medical Center, Inc.,* 141 Idaho 754, 118 P.3d 86 (2005), the Idaho Supreme Court held (over a strong dissent), that a plaintiff could not pursue such a claim, reasoning that employment at-will cannot be converted into a guarantee of employment by bringing an emotional distress claim. And, while the facts in *Sorensen* were very different

**Report and Recommendation – 11**

from those at issue here,[4] other courts considering this issue have generally held that a claim for negligent infliction of emotional distress cannot lie in the employment context. *See, e.g. Herman v. United Bhd. of Carpenters and Joiners,* 60 F.3d 1375, 1386 (9th Cir. 1995) (holding that Nevada law precludes emotional distress claims in the employment context); *Dodge v. U.S.,* 162 F.Supp.2d 873 (S.D. Ohio 2001) (holding that Ohio law does not recognize a separate tort for negligent infliction of emotional distress in the employment context); *Snyder v. Medical Service Corp.,* 145 Wash.2d 233, 244, 35 P.3d 1158, 1164 (2001) ("absent a statutory or public policy mandate, employers do not owe employees a duty to use reasonable care to avoid the inadvertent infliction of emotional distress when responding to workplace disputes." ). *See also, Berry v. WorldWide Language Resources, Inc.,* 716 F.Supp.2d 34, 52 (D. Me. 2002) (applying Maine law and declining to recognize a "special relationship" in the employment context sufficient to support a claim for negligent infliction of emotional distress). *See also, Perodeau v. City of Hartford,* 259 Conn. 729, 792 A.2d 752 (2002) (disallowing emotional distress claims against individual employees who were involved in plaintiff's termination). *Cf., Miller v. Fairchild Industries, Inc.* 797 F.2d 727, 738 (9th Cir. 1986) (allowing an NIED claim to proceed under California law where the conduct giving rise to that claim was separate from

---

[4]In *Sorensen,* the employee had mistakenly been informed by Saint Alphonsus personnel that she could begin receiving retirement benefits while continuing to work part time, but later, after she had re-arranged her working life in reliance on that information, was informed that the arrangement was contrary to company policy. She was forced to take a four-month leave of absence and subsequently sued for negligent infliction of emotional distress, among other claims.

**Report and Recommendation – 12**

that underlying the main claim of retaliatory discharge).

Thus, although the issue has not been squarely decided by Idaho courts, this Court is confident that Idaho courts would *not* recognize a claim for NIED in this context. The Plaintiff's claim for negligent infliction of emotional distress is therefore subject to dismissal.

**B.      Constructive Discharge/Termination in Violation of Public Policy**

As with the NIED and IIED claims, whether the wrongful discharge claim was properly pled is closely related to the question of whether Idaho would even recognize such a claim under these circumstances. Defendant argues that Plaintiff has not explained what important public policy was violated when it elected to terminate her, and also argues that the presence of statutory remedies (namely the Idaho Human Rights Act), precludes a recognition of the common law tort of wrongful discharge.

While this Court thinks it is likely that the Idaho courts would decline to recognize a separate cause of action in a case such as this one, there is no state court case directly on point. The published decisions of this court addressing this issue have not been precisely consistent. *Ward v. Sorrento Lactalis, Inc.,* 392 F.Supp.2d 1187 (D. Idaho 2005) expressed doubt as to whether a separate tort claim for wrongful discharge is cognizable where a statute (i.e. the Idaho Human Rights Act) provides a remedy, but nonetheless allowed the claim to proceed past summary judgment. By contrast, in *McWilliams v. Latah Sanitation, Inc.,* 554 F.Supp.2d 1165 (D. Idaho 2008), a case that arose under the ADA, this Court held that Idaho would *not* allow a claim for wrongful discharge in violation of public policy where adequate

**Report and Recommendation – 13**

statutory remedies existed.

Complicating the question of whether the statutory remedies would preclude a common law cause of action is the fact that it is not entirely clear whether Plaintiff's claim for wrongful termination in violation of public policy is based solely upon conduct that would fall under the umbrella of the anti-discrimination statutes. As Defendant concedes in its Reply Brief, Plaintiffs' complaint also contains allegations that she was poorly treated by Petco management as a result of her having reported a manager's act of stealing twenty dollars. Paragraph 3.8 of the Complaint alleges that her termination was the result of "her report of employer misconduct." It is not clear whether this refers to Petco's response to the report of the theft, or to Petco's response to Plaintiff's complaints of disparate treatment or discrimination based on sex. Even if it were the former, however, it is questionable whether the reporting of a minor theft, and the employer's response thereto, sufficiently implicates the public interest such that Idaho courts would recognize an exception to the at-will employment doctrine. Idaho cases addressing the parameters of this tort have emphasized that the public interest involved must be significant before the courts will disturb the at-will relationship. Idaho courts have allowed a claim for wrongful termination to proceed where the plaintiff was terminated for participating in union activities, for reporting building code violations or reporting violations of environmental laws, or for complying with a court-ordered subpoena. *See, e.g. Thomas v. Medical Center Physicians, P.A.,* 138 Idaho 200, 61 P.3d 557 (2002). *See also, Crea v. FMC Corp.* 135 Idaho 175, 178, 16 P.3d 272, 275 (2003) (observing that the

**Report and Recommendation – 14**

"public policy exception serves the purpose of balancing the often competing interests of society, the employer, and the employee.").

Although the Court finds it questionable that a separate cause of action would be recognized here, a determination as to whether a defendant's conduct implicated public policy is the kind of thing that would be aided by further factual development. This, combined with the fact that Plaintiff still has the ability to amend her complaint, leads the Court to conclude that the wrongful discharge claim is not subject to dismissal at this time on the grounds that it is not legally cognizable or that it was inadequately pled.

**IV. Plaintiff has Not Stated a Plausible Claim for Wage and Hour Law Violations.**

Finally, this Court concludes that Plaintiff has not stated a plausible claim for wage and hour violations under the pleading standards set forth in *Iqbal* and *Twombly, supra.* The only factual allegations in Plaintiff's complaint that relate to this claim are 1) that Ms. Feltmann was an hourly employee of Petco, (Complaint at ¶ 7.2) and 2) that Petco failed to pay Ms. Feltmann wages due (including overtime) for the many breaks she was not given. (*Id.* at ¶ 7.3). Ms. Feltmann has not cited any federal or state statute or regulation that would demonstrate for the Court what aspect of state or federal law she is relying on in this claim. She has merely stated that Petco was obligated to pay her these wages "by statute, contract and otherwise." These allegations do not fulfill the specificity requirements set forth under *Iqbal* and *Twombly*; nor does Ms. Feltmann's opposition to the Motion to Dismiss clarify these issues. Accordingly, the claim for wage and hour law violations is subject to dismissal.

## RECOMMENDATION

Based upon the foregoing, and the Court being otherwise fully advised in the premises, the Court **hereby RECOMMENDS that:**

1. Defendant's Motion to Dismiss Plaintiff's Complaint in Part be (Dkt. 7) be **GRANTED** and that Plaintiff's claims for wrongful discharge in violation of public policy, intentional infliction of emotional distress, negligent infliction of emotional distress, and her wage and hour law claims, be **DISMISSED**.

2. Written objections to this Recommendation must be filed within fourteen (14) days pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1, or as a result of

failing to do so, that party may waive the right to raise factual and/or legal objections to the United States Court of Appeals for the Ninth Circuit.



**DATED: March 20, 2012**

**Honorable Mikel H. Williams**
**United States Magistrate Judge**